Eastern Dist.
*January*, 1840.

MORGAN
*vs.*
LARD ET AL.

MORGAN *vs.* LARD ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF POINTE COUPEE, THE JUDGE OF THE SECOND PRESIDING.

The jury are the peculiar judges of the *quantum* of damages.

Damages may be assessed at an annual sum; and where the petition shows no period from which they shall be computed, and the verdict affixes none, the court may give them from judical demand, and until the surrender of the premises to the successful claimant.

The plaintiff sued for the recovery and possession of a tract of land, with damages for the illegal detention thereof, and for waste committed. On the trial, the jury returned the following verdict: " Verdict in favor of the plaintiff, that he recover the possession of the land, with four hundred dollars per annum, and costs."

A new trial was insisted on, because the verdict is illegal and void, for uncertainty, and that no judgment can be rendered on it.

The court overruled the motion for a new trial, and gave judgment for the land described in the petition, and for four hundred dollars per annum, in damages, from judicial demand, until possession is restored, with costs. The plaintiff appealed.

*Stevens*, for the plaintiff and appellant, insisted that the verdict was for too small a sum, and altogether illegal as regards the damages. The judgment should be reversed and the cause remanded for a new trial, &c.

*Patterson*, contra.

*Martin, J.*, delivered the opinion of the court.

The plaintiff claims possession of a tract of land, with damages for the unlawful detention and waste. The defendants pleaded the general issue.

The plaintiff had a verdict for the possession of the land, and damages at the rate of four hundred dollars per annum.

The court rendered judgment accordingly, and decreed, that the annual damages should begin at the inception of the suit. The plaintiff appealed.

EASTERN DIST.
*January*, 1840.

MORGAN
*vs.*
LARD ET AL.

It appears that the appellant made an unsuccessful attempt to obtain a new trial, on the ground that the verdict was contrary to law and the evidence, and void for uncertainty.

This motion was, in our opinion, correctly overruled. The first objection can have no other reference than to the quantum of damages, of which the jury were the peculiar judges.

The jury are the peculiar judges of the quantum of damages.

In this court the appellant's counsel has urged, that the jury ought to have assessed the damages in a gross sum, and not in an annual amount. He has, therefore, prayed that judgment be affirmed, as far as it relates to the possession of the land, and that the cause be remanded for a new trial, as it respects the damages; and if that cannot be done, that the entire verdict be set aside, the judgment reversed, and the case remanded for a trial *de novo*.

The plaintiff has not shown, in his petition, any period from which the damages should be computed; the judge, therefore, correctly gave them from judicial demand. This judgment does not, however, fix the time when these damages are to cease. We think they ought to do so with the surrender of the premises to the plaintiff.

Damages may be assessed at an annual sum; and where the petition shows no period from which they shall be computed, and the verdict affixes none, the court may give them from judicial demand, and until the surrender of the premises to the successful claimant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and proceeding to give such judgment as in our opinion ought to have been rendered in the court below, it is ordered, adjudged and decreed, that the plaintiff recover and be quieted in the possession of the premises, with damages at the rate of four hundred dollars per annum, from the inception of the suit, until possession be given to the plaintiff.